IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUSSELL PERRY II,<br><br>                Plaintiff,<br><br>vs.<br><br>RUSSELL S. BROWN,[1]<br><br>                Defendants. | **8:23CV120**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Russell Perry II's ("Perry" or "Plaintiff") Complaint, Filing No. 1; Motion for Temporary Restraining Order and Preliminary Injunction, Filing No. 8; Motion to Consolidate, Filing No. 10; Motion for Hearing, Filing No. 11; Amended Complaint, Filing No. 12; what have been docketed as three "Identity Theft Victim" motions, Filing No. 13; Filing No. 14; Filing No. 15; and two Motions for Temporary Restraining Order and Permanent Injunction, Filing No. 16; Filing No. 17. For the reasons that follow, the Court finds that Perry's Motion to Consolidate should be denied with respect to the present case, his Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2), and his other pending motions should be denied as moot.

## I.  BACKGROUND AND SUMMARY OF COMPLAINT

On March 30, 2023, Perry filed his Complaint, Filing No. 1, and was given leave to proceed in forma pauperis, Filing No. 5. Perry sues Russell S. Brown ("Brown") for damages, alleging: "On 09-14-15, Russell Brown illegally used my social security number

---

[1] Cox Communications, LexisNexis, and Experian Credit Bureau were added to the docket sheet as defendants when Plaintiff filed a proposed Amended Complaint on July 24, 2023.  *See* Filing No. 12. Because the Court determines that amendment of the complaint is not warranted, the Court has deleted these three defendants' names from the caption and will direct the Clerk of Court to remove them as parties to this action.

opening accounts with Cox Communications.  I want to sue Russell Brown for 1 million dollars for pain & suffering.  I lost jobs, house, credit & also [I have] been sued because of him." Filing No. 1 at 4 (spelling corrected).  Perry learned of Brown's fraudulent use of his social security number in March 2022 after Perry was denied a job opportunity due to a failed background check that contained Brown's criminal and credit history.  *Id*. at 6.

On the same day he filed his Complaint in the present case, Perry filed three other complaints against Cox Communications ("Cox"), LexisNexis ("Lexis"),[2] and Experian Credit Bureau ("Experian") in Case Nos. 8:23CV121, 8:23CV122, and 8:23CV125, respectively.  *See* Filing No. 1, Case No. 8:23CV121; Filing No. 6, Case No. 8:23CV122, and Filing No. 1, Case No. 8:23CV125.  As in the present case, Perry alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, in each case arising from Brown's use of Perry's social security number in 2015 to open an account with Cox and the subsequent inclusion of Brown's criminal and debt history on Perry's consumer and/or credit reports.

On July 24, 2023, Perry filed a Motion to Consolidate this case with Case Nos. 8:23CV121, 8:23CV122, and 8:23CV125 because "the issues set forth in each of the petitions are nearly identical. . . . [and] seek[] the same Enforcement of the Fair Credit Reporting Act issued to the same respondent." Filing No. 10 at 2.  Perry also filed what he titled a Motion for Hearing, Filing No. 11, in which he again asks the Court for an order consolidating the four cases and, liberally construed, moves to amend his complaint in anticipation of the cases being consolidated.  To that end, Perry filed an Amended Complaint naming Brown, Cox, Lexis, and Experian as defendants.  Filing No. 12.  In

---

[2] Perry uses multiple spellings of Defendant Lexis' name, *see, e.g.*, Filing No. 6, Case No. 8:23CV122, but the Court will utilize the correct spelling, "LexisNexis," in this order.

addition, Perry filed a Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction against the defendants named in the Amended Complaint. Filing No. 8.[3]

As relevant here, the proposed Amended Complaint alleges Brown is an individual residing in Lexington, Nebraska. Filing No. 12 at 3, ¶ 4. Perry describes in greater detail how he was denied a job opportunity after he failed a background check that erroneously attributed Brown's name and criminal history to Perry. Perry also elaborates that Brown had used Perry's social security number to open an account with Cox and accumulated a debt of $1,574.23 between May 20, 2015 and September 14, 2015, which was reported to a collections agency and inaccurately attributed to Perry's "collection report/record." *Id.* at 9–10, ¶¶ 42, 45. Based on these facts, Perry asserts claims of defamation, tortious interference with employment, and identity theft under Nebraska law against Brown. *Id.* at 18–22.

## II. MOTION TO CONSOLIDATE

As an initial matter, the Court addresses Perry's motion to consolidate this action with his actions against Cox, Lexis, and Experian. Federal Rule of Civil Procedure 42(a) allows the Court to consolidate cases involving common issues of law or fact as a matter of convenience and economy in judicial administration. Fed. R. Civ. P. 42(a). The consent of the parties is not required by Rule 42(a) for consolidation. 9A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2383 (3d ed. West 2023). When ruling on a motion to consolidate, the Court must weigh the saving of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause. Wright & Miller, *supra*, § 2383. "Although the district courts generally take a

---

[3] Perry subsequently filed two essentially identical Motions for Temporary Restraining Order and Permanent Injunction, Filing No. 16; Filing No. 17, on August 14, 2023.

favorable view of consolidation, the mere fact that a common question is present, and that consolidation therefore is permissible under Rule 42(a), does not mean that the trial court judge must order consolidation." Id. Whether to grant a motion to consolidate is within the sound discretion of the Court. United States Envtl. Prot. Agency v. Green Forest, 921 F.2d 1394, 1402–03 (8th Cir. 1990).

After reviewing each of the cases at issue, the Court concludes that consolidation of the present case with Case Nos. 8:23CV121, 8:23CV122, and 8:23CV125 is not appropriate. Here, Perry sues an individual, Brown, for damages for alleged identity theft, but in the other three cases Perry seeks relief from Cox, Lexis, and Experian for violations of the FCRA based on their reporting of Brown's information on Perry's consumer report. While Brown's alleged unauthorized use of Perry's social security number is the reason Brown's information later appeared on Perry's consumer and/or credit report, Brown's alleged liability for identity theft shares no common questions of law or fact with alleged violations of the FCRA committed by Cox, Lexis, and Experian. See Fed. R. Civ. P. 20(a)(2)(B) (persons may be joined in one action as defendants if "any question of law or fact common to all defendants will arise in the action").

Accordingly, Perry's Motion to Consolidate is denied in the present case. The Court will address the question of whether Case Nos. 8:23CV121, 8:23CV122, and 8:23CV125 should be consolidated in a separate order.

Because the Court finds consolidation inappropriate, the Court will also deny Perry's request to amend his complaint in this case. See Filing No. 11 at 2. However, for purposes of this initial review, the Court will consider Perry's Amended Complaint as

supplemental to the Complaint to the extent it contains allegations relevant to Brown. See NECivR 15.1(b).

### III.  APPLICABLE STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within

the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980).

## IV.  DISCUSSION

As part of its initial review, the Court has an independent obligation to determine whether subject matter jurisdiction exists. See *Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Furthermore, a plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). In his Complaint, Perry appears to indicate the basis for the Court's jurisdiction is diversity of citizenship. Filing No. 1 at 3. In the Amended Complaint, however, Perry alleges the Court's jurisdiction "arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331"—in other words, federal question jurisdiction. Filing No. 12 at 2, ¶ 2. Upon careful review, the Court concludes that neither the Complaint nor the supplemental Amended Complaint establish grounds for the Court to exercise either diversity of citizenship or federal question jurisdiction over Perry's claims against Brown.

### A. Diversity of Citizenship Jurisdiction

Subject-matter jurisdiction may be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*,

6

263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). While Perry alleges a sufficient amount in controversy, his allegations fail to establish complete diversity of citizenship between the parties as both Perry and Brown are, by all indications, citizens of Nebraska. Filing No. 1 at 1–2; Filing No. 12 at 2–3. As a result, the Complaint's allegations fail to establish that subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

**B. Federal Question Jurisdiction**

Subject-matter jurisdiction may also be proper under 28 U.S.C. § 1331, commonly referred to as "federal question" jurisdiction, where a plaintiff asserts a claim arising under a federal statute, the Constitution, or treaties of the United States. *McLain v. Andersen Corp.*, 567 F.3d 956, 963 (8th Cir. 2009). The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts, rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990).

Here, Perry purports to bring claims against Brown under the FCRA. *See* Filing No. 1 at 6; Filing No. 12 at 2, ¶ 2. "The FCRA applies to 'consumers' and 'consumer reports,'" *Weber v. Specialized Loan Servicing, LLC*, 627 F. Supp. 3d 538, 544 (E.D.N.C. 2022) (citing 15 U.S.C. §§ 1681 et seq.), as well as "to companies that regularly disseminate information bearing on an individual's 'credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 335 (2016) (quoting 15 U.S.C. § 1681a(d)(1)). The FCRA is clearly not applicable to Brown, and the Complaint contains absolutely no

7

allegations suggesting the requirements of the FCRA imposed upon consumer reporting agencies with respect to consumer reports apply to Brown. *See Thornton v. Equifax, Inc., 619 F.2d 700, 703 (8th Cir. 1980)* (only noncompliance with a requirement listed under the Fair Credit Reporting Act will trigger civil liabilities sections of the Act). Rather, all of Perry's claims against Brown arise under state law, and the allegations of the Complaint do not establish the requisite "federal question" for the Court to exercise jurisdiction under § 1331.

## V. CONCLUSION

Because the Court lacks subject matter jurisdiction to consider Perry's claims against Brown, the Court will dismiss this action without prejudice to Perry pursuing his claims in state court. As such, the Court will deny Perry's pending Motion for TRO and Preliminary Injunction, Filing No. 8, Motion for Hearing, Filing No. 11, three "Identity Theft Victim" motions, Filing No. 13; Filing No. 14; Filing No. 15, and two Motions for TRO and Permanent Injunction, Filing No. 16; Filing No. 17, in this matter as moot.[4]

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice for lack of subject matter jurisdiction.

2. Plaintiff's Motion to Consolidate, Filing No. 10, is denied with respect to the present case.

3. Plaintiff's other pending motions, Filing No. 8; Filing No. 11; Filing No. 13; Filing No. 14; Filing No. 15; Filing No. 16; Filing No. 17, are denied as moot.

---

[4] To be clear, the denial of these motions applies only to the present case and not to any identical motions filed by Perry in his other cases.

4.  The Clerk of Court is directed to remove Cox Communications, LexisNexis, and Experian Credit Bureau as defendants to this action.

5.  A separate judgment shall be entered.

Dated this 16th day of August, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge